(57 South. 934.)

No. 18,604.

MOUTON v. SOUTHERN SAWMILL CO.

(Feb. 12, 1912. Rehearing Denied March 11, 1912.)

*(Syllabus by the Court.)*

ELECTION OF REMEDIES (§ 3*)—EXECUTION (§ 188*) — APPEAL AND ERROR (§ 1178*) — CLAIM BY THIRD PERSON—REMAND.

If a party sue at the same time for the ownership and possession of property, he shall then be considered as having renounced the possessory in order to resort to the petitory action. Code Prac. art. 54. The opposition of a third person, claiming the ownership and possession of property seized under execution, is a petitory action. Where the trial judge treats such an opposition as a possessory action, the case will be remanded for a decision of the issue of title.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. §§ 3, 4; Dec. Dig. § 3;* Execution, Cent. Dig. §§ 560–563; Dec. Dig. § 188;* Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; James Simon, Judge.

Action by Charles O. Mouton against the Southern Sawmill Company, for the use of the Exchange Bank of Natchitoches. Judgment for plaintiff, and defendant appeals. Reversed.

Scarborough & Carver and E. Vuillemont, for appellant. Voorhies & Delahoussaye, for appellee.

LAND, J. This suit is a third opposition, coupled with an injunction in which the plaintiff claims ownership and possession of a certain tract of timber land and of a large number of staves cut thereon, which had been seized under executory process at the suit of the Southern Sawmill Company against the Breaux Bridge Lumber Company.

The defendant, after pleading certain exceptions, answered, denying the title and possession of the plaintiff, and averring title and possession in said lumber company, which had executed the mortgage under which the writ of seizure and sale had issued. Defendant prayed for the dissolution of the injunction, with damages, and for the recognition and enforcement of the mortgage.

Plaintiff excepted to collateral attack on his title, and in the alternative pleaded the prescriptions of 3, 10, 20, and 30 years.

The trial judge stated in his reason for judgment that the plaintiff was in actual physical possession of the property, and had been in possession for many years at the time of the seizure, under title translative of property, and that such title and possession could not be disregarded, and that the seizing creditor must resort to a direct action against the plaintiff.

There was judgment maintaining the third opposition and perpetuating the injunction, with $100 damages for attorney fees. The defendant has appealed.

The action brought by the plaintiff is pure-

ly petitory, and is based on allegations of ownership by valid recorded titles of the following described property situated in the parish of St. Martin:

"A certain tract of timber land containing one hundred and forty-four arpents in superficial area, bounded north by lands of estate of Alexander Mouton, or assigns; south by lands of Marie Mouton, wife of Dr. H. D. Guidry, or assigns; east by lands of estate of Alexander Mouton, or assigns."

While the petition alleges peaceable possession of the tract for many years, payment of taxes, and cutting of wood and staves thereon, the petitioner claims the ownership of the land and staves seized by the sheriff. The prayer is for judgment sustaining the third opposition, and recognizing opponent's title to and ownership of the staves seized, and perpetuating the injunction against the sale of the land and staves.

The action is clearly an opposition by a third person to set aside an order of seizure, on the ground that the property seized did not belong to the debtor in execution, but was owned, on the contrary, by the person making the opposition. Code of Practice, art. 398 et seq. After defendant had answered, denying plaintiff's title, and averring title in the Breaux Bridge Lumber Company, the plaintiff attempted by exception to convert his demand into a possessory action, excluding the consideration of the respective titles of the parties. This cannot be done. If a plaintiff "sue at the same time for the possession and ownership of property, he shall then be considered as having renounced the possessory action." C. P. art. 54.

Our learned Brother below erred in not passing on the issue of title, and this necessitates the remanding of the cause.

It is therefore ordered that the judgment below be reversed, and it is further ordered that this cause be remanded for the purpose of a decision on the issue of title, and for further proceedings according to law; plaintiff to pay costs of appeal.